UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Dassault Systemes Solidworks Corporation, | Case No. 21-cv-2694 (WMW/HB) |
| Plaintiff, | **ORDER** |
| v. | |
| Next Inflexion LLC and Stuart Lombardo, | |
| Defendants. | |

---

Before the Court is the parties' March 14, 2022 joint motion for consent judgment. (Dkt. 13.) The motion represents that the parties have reached a negotiated settlement of this copyright and breach-of-contract litigation. The motion seeks, among other things, an order that permanently enjoins numerous specified acts, requires Defendants to pay $29,368 to Plaintiff, and provides for the retention of jurisdiction by the Court for the purposes of enforcing the parties' settlement agreement.

The settlement of a lawsuit between private parties ordinarily is solely in the province of the parties and need not be approved by a district court. *See Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). "[F]ederal courts have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995). Indeed, "[c]ourts not only frown on interference by trial judges in parties' settlement negotiations, but also renounce the practice of approving parties' settlement agreements." *Gardiner*, 747 F.2d at 1189 (citing *United States v. City of Miami*,

614 F.2d 1322, 1330 (5th Cir. 1980)).  When the parties agree, they may settle their litigation at any time; the court need not be involved.  *Id.*  "To be sure, a federal court is more than a recorder of contracts from whom parties can purchase injunctions."  *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

It is the exceptional circumstance, not the general rule, when the district court approves the adequacy of a settlement.  *City of Miami*, 614 F.2d at 1331.  For instance, entry of a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii) is effective automatically and does not require approval by a district court.  *See id.* at 1330 n.15; *Gardiner*, 747 F.2d at 1189.  The same is true of an entry of judgment pursuant to an offer of judgment under Rule 68.  *See* Fed. R. Civ. P. 68(a); *see also White v. Nat'l Football League*, 756 F.3d 585, 595 (8th Cir. 2014) (observing that, under Rule 68, "the clerk enters judgment in the amount stipulated" and does so "without any involvement by the court").  Typically, a district court's approval is limited to situations in which "the interests of individuals and organizations other than those approving the settlement may be implicated."  *City of Miami*, 614 F.2d at 1331.

Here, the parties' motion memorializes an agreement between private parties resolving this litigation.  There are no apparent public or third-party interests at stake.  And the parties' motion provides the Court no legal authority as to why resolution of this case requires action from this Court and cannot be accomplished by the parties' private agreement.  Because the Court does not discern any dispute that remains or any reason why

2

the Court's approval of, or involvement in, the parties' settlement is necessary, the Court denies the parties' motion.

## ORDER

Based on the foregoing analysis, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the parties' joint motion to approve consent judgment, (Dkt. 13), is **DENIED**.

Dated: April 13, 2022                                     s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge